IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LARRY WALLACE,                    :
                                  :
        Plaintiff,                :
                                  :        CIVIL ACTION
v.                                :        No. 5:11-CV-435 (CAR)
                                  :
KOOLER ICE, CORP.,                :
                                  :
        Defendant.                :
_____ :

## ORDER ON DEFENDANT'S PETITION FOR ATTORNEY'S FEES AND COSTS

Before the Court is Defendant Kooler Ice, Inc.'s Petition for Attorney's Fees and Costs [Docs. 25 & 28] upon entry of final judgment in the above-captioned case. After carefully considering Defendant's Petition, the record, and relevant authority, Defendant's request is **GRANTED IN PART AND DENIED IN PART**. Specifically, the Court grants Defendant's request for reasonable expenses caused by Plaintiff Larry Wallace's failure to obey this Court's Scheduling and Discovery Order [Doc. 19] and Order to Show Cause [Doc. 22], pursuant to Rule 37(b)(2)(C). However, the Court denies Defendant's request for an award under Title VII, 42 U.S.C. § 2000e-5(k). Defendant's award is detailed below.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed a complaint against Defendant on October 31, 2011, asserting both race and age-based discrimination and retaliation claims under Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act

("ADEA").  In response, Defendant filed a *pro se* answer, "Counter Suit for Damages," and

a motion to dismiss, which the Court struck as improper submissions by a corporation.

Thereafter, Defendant obtained representation and filed a proper answer on March 27,

2012, raising typical defenses to Title VII and ADEA claims.  Defendant did not file a

renewed motion to dismiss or pursue its initial "counter suit."

The parties submitted a proposed scheduling order on May 14, 2012.  For reasons

unknown, Plaintiff severed all contact with both Defendant and the Court shortly

thereafter.  On August 3, 2012, the Court directed Plaintiff appear for a hearing on August

16, 2012, and show cause why his case should not be dismissed for failure to prosecute.[1]

Plaintiff failed to appear for the hearing, and the Court entered judgment dismissing this

case without prejudice.  Now, Defendant seeks attorney's fees and an assessment of costs

and expenses under Federal Rule of Civil Procedure 37(b)(2)(C) and Title VII, 42 U.S.C. §

2000e-5(k).  Plaintiff has not responded to Defendant's request.

## DISCUSSION

In its Petition, Defendant requests $3,867.50 in attorney's fees, representing 29.8

hours of work.  Defendant also seeks $104.03 in miscellaneous costs and expenses.  The

attorney's fees are primarily attributable to two attorneys—a partner, Richard C. Foster,

working 8.9 hours at $150.00 per hour; and an associate, Andrea Alexander Guariglia,

---

[1] While Defendant's Petition obviously focuses on Plaintiff's misconduct, the Court notes that it ordered the
first show cause hearing in this case after Defendant failed to appear for a discovery conference on April 10,
2012.  April 20, 2012 Order to Show Cause [Doc. 18].

working 18.9 hours at $125.00 per hour.  The remaining two hours represent paralegal work by Cari Manton at $85.00 per hour.

Defendant provides only two bases for its requested relief:  Federal Rule of Civil Procedure 37(b)(2)(C) and Title VII, 42 U.S.C. § 2000e-5(k).  The Court addresses each of these in turn.

## I.    Federal Rule of Civil Procedure 37(b)(2)(C)

Federal Rule of Civil Procedure 37 authorizes the Court to impose a variety of sanctions for a party's failure "to obey an order to provide or permit discovery."[2] Although the Court enjoys "broad discretion to fashion appropriate sanctions for violations of discovery orders,"[3]  "the [C]ourt <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey the Court's order], unless the failure was substantially justified or other circumstances make an award of expenses unjust."[4]  There are no such circumstances in this case.

Because Plaintiff failed to meet his obligations under the Scheduling and Discovery Order [Doc. 19] and the Order to Show Cause [Doc. 22] for Plaintiff's failure to participate in discovery, Defendant is entitled to recover reasonable attorney's fees and costs caused by Plaintiff's misconduct.  Plaintiff did not appear for his deposition on June 11, 2012, and

---

[2] Fed. R. Civ. P. 37(b)(2)(A).
[3] *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).
[4] Fed. R. Civ. P. 37(b)(2)(C).

never responded to Defendant's attempts to reschedule.  Moreover, Plaintiff failed to supply his initial disclosures and did not respond to Defendant's interrogatories, requests for production, and requests for admissions.  These actions led Defendant to expend additional resources to address Plaintiff's non-compliance.[5]  Plaintiff's utter disregard for Defendant's efforts and this Court's orders warrants sanction, which "must be applied diligently" to penalize Plaintiff's misconduct.[6]

Having found Defendant is entitled to reasonable attorney's fees and costs, the Court must now determine an appropriate award.  To calculate the appropriate amount of attorney's fees, the Court must establish the "lodestar" or the number of hours reasonably spent working on the case multiplied by a reasonable hourly rate.[7]  Once the Court determines the lodestar, it may adjust this amount for other considerations not factored in this calculation.[8]

In computing the lodestar, the first step is to determine the reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."[9]  In general, the relevant legal community is the place where the case is filed.[10]  The Court further notes that it qualifies as an expert on the issue of hourly rates and may properly

---

[5] Def. Exhibit C [Doc. 28-3]; Def. Invoices [Doc. 28-5].
[6] *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763 (1980).
[7] *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).
[8] *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000).
[9] *Id.*
[10] *See Cullens v. Ga. Dep't of Transp.*, 29 F.2d 1489, 1494 (11th Cir. 1994).

4

consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."[11]

In this case, Plaintiff filed his complaint in Macon, Georgia; thus, Macon is the appropriate legal community for the purpose of determining reasonable hourly rates. The attorneys' and paralegal's hourly rates of $150.00, $125.00, and $85.00 per hour, respectively, are reasonable in light of the prevailing market rate in Macon.

Unfortunately, the Court cannot as easily determine the number of hours each individual expended as a result of Plaintiff's misconduct. Rather than identifying these specific expenditures, Defendant requests a flat fee of $3,867.50. Having reviewed the attorneys' affidavits and accompanying invoices, however, the Court finds Defendant is entitled to $1,166.50 in attorney's fees under Rule 37(b)(2)(C), representing a total of 8.9 hours of legal work and 0.4 hours of paralegal work.[12] No other adjustments are necessary. The Court declines to award $104.03 in additional costs and expenses; Defendant has not demonstrated how this expenditure relates to Plaintiff's misconduct.

## I.   Title VII, 42 U.S.C. § 2000e-5(k)

Ordinarily, a prevailing litigant is not entitled to collect attorney's fees from the

---

[11] *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotation omitted).

[12] The Court's calculations are outlined in detail in the Appendix to this Order. *See Coastal Fuels Mktg., Inc. v. Fla. Express Shipping Co.*, 207 F.3d 1247, 1252 (11th Cir. 2000) (stating that a court granting an award of attorney's fees should provide a summary table of how it arrived at the amount awarded).

opposing party.[13]    However, 42 U.S.C. § 2000e-5(k) provides that the Court, "in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs" of a Title VII action.    In 2001, the Supreme Court defined the term "prevailing party" for purposes of fee-shifting statutes as the "party in whose favor a judgment is rendered, regardless of the damages award."[14]    To qualify as "prevailing," the party must be awarded some relief by a court, such as a judgment on the merits or a court-ordered consent decree.[15]    Both create the "material alteration of the legal relationship of the parties" necessary for a fee award.[16]    Although the prevailing Title VII plaintiffs may be awarded attorney's fees in "all but very unusual circumstances,"[17] a prevailing defendant has the added burden of proving that the plaintiff's Title VII claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[18]

Here, the Court need not reach the question of whether Plaintiff's Title VII claim was frivolous, unreasonable, or without foundation because Defendant has not demonstrated it is the prevailing party for purposes of 42 U.S.C. § 2000e-5(k).    Instead, Defendant merely assumes it qualifies for an award under this statute.    To the contrary,

---

[13] *Alyeska Pipeline Service Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).

[14] *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Servs.*, 532 U.S. 598, 602-03 (2001), *superseded by statute on other grounds*, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524.  The *Buckhannon* definition was specifically established to apply under the Fair Housing Amendments Act, 42 U.S.C. § 3613(c)(2), and the Americans with Disabilities Act, 42 U.S.C. § 12055.  However, the Supreme Court noted in dicta that the prevailing party provisions in certain other fee-shifting statutes should be interpreted consistently, and listed 42 U.S.C. § 2000e-5(k). *Id.* at 602-03, n.4.

[15] *Id.* at 603 (internal quotation omitted).

[16] *Id.* at 604 (internal quotation omitted).

[17] *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415 (1975).

[18] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

this case was dismissed without prejudice early in the course of litigation, and the Court did not address the merits of Plaintiff's claims.[19]  Under these circumstances, the Court's decision did not alter the parties' legal relationship in any substantive way.[20]  Accordingly, Defendant cannot recover attorney's fees under 42 U.S.C. § 2000e-5(k).

<div align="center">CONCLUSION</div>

For the foregoing reasons, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendant's Petition for Attorney's Fees and Costs [Docs. 25 & 28].  Plaintiff is **HEREBY ORDERED** to pay Defendant an award of $1,166.50 in attorney's fees as calculated in the Appendix to this Order.[21]

SO ORDERED this 19th day of September, 2013.

<div align="center" style="margin-left:40%">

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
</div>

BBP/ssh

---

[19] Order of Dismissal [Doc. 23].

[20] *See, e.g.*, *Hughs v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003) ("A dismissal without prejudice is not an adjudication on the merits…"); *McRae v. Rollins College*, No. 6:05cv1767Orl22KRS, 2006 WL 1320153, at *3 (M.D. Fla. May 15, 2006) ("A dismissal without prejudice does not support a finding that a defendant was a prevailing party.").

[21] *See Coastal Fuels Mktg., Inc.*, 207 F.3d at 1252.

<div align="center">APPENDIX</div>

**Calculation of Attorney's Fees**

**Partner Richard Foster**

| | | |
|---|---|---|
| 6/19/12 | Correspondence re sanctions | 0.4 |
| 8/3/12 | Report to Client re Show Cause Order | 0.4 |
| | Total Reasonable Hours | 0.8 |
| | Reasonable Rate | $150.00 |
| | Total Attorney Fees | $120.00 |

**Associate Andrea Alexander Guariglia**

| | | |
|---|---|---|
| 6/20/12 | Correspondence re failure to respond | 0.5 |
| 7/19/12 | Research procedure & sanctions | 0.8 |
| 7/30/12 | Communicate w/ Clerk re sanctions | 0.1 |
| 8/2/12 | Communicate w/ Clerk re sanctions | 0.2 |
| 8/10/12 | Communicate w/ insured re status | 0.2 |
| | Correspondence re Show Cause Order | 0.1 |
| 8/16/12 | Prepare for Show Cause Hearing | 0.6 |
| | Travel to/from Macon for Hearing | 4.6 |
| | Appear for Hearing | 0.7 |
| 8/17/12 | Communicate re: Hearing details | 0.3 |
| | Total Reasonable Hours | 8.1 |
| | Reasonable Rate | $125.00 |
| | Total Attorney Fees | $1,012.50 |

**Paralegal Cari Manton**

| | | |
|---|---|---|
| 8/3/12 | Receipt & review of Show Cause Order | 0.1 |
| 8/13/12 | Review file of case | 0.3 |
| | Total Reasonable Hours | 0.4 |
| | Reasonable Rate | $85.00 |
| | Total Paralegal Fees | $34.00 |

**Total Fees Awarded:**                                              **$1,166.50**